ANNE M. BEVINGTON (SBN 111320)
ALLAN D. SHULDINER (SBN 252259)
TINO X. DO (SBN 221346)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502
(510) 906-4710
abevington@sjlawcorp.com
ashuldiner@sjlawcorp.com
tdo@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, and its BOARD OF TRUSTEES; CHRIS CHRISTOPHERSEN and JORDAN SATRAP, TRUSTEES,<br><br>Plaintiffs,<br><br>v.<br><br>SLK, INC., a dissolved California corporation; J C JACKSON, an Individual, and SHIRLEY MAE JACKSON, an Individual,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

## INTRODUCTION

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C §§1001-1461 (1982). In order to protect plan participants and the Federal Pension Benefit Guaranty Corporation, effective September 26, 1980, Congress created withdrawal liability for employers that withdraw from multiemployer pension plans. Due to the importance Congress attributed to those goals, it included two special provisions not generally available to creditors to ensure that withdrawal liability could actually be collected.

Under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1), all trades or businesses under common control are to be treated as a single employer.

ERISA also contains a mandatory arbitration provision if an employer wishes to challenge the withdrawal liability determination. To make such a challenge, an employer must request review within ninety (90) days from receiving the notice of the withdrawal liability assessment pursuant to ERISA §4219(b)(2), 29 U.S.C. §1399(b)(2), and any dispute concerning the Plan's determination of withdrawal liability must be resolved through arbitration timely initiated under ERISA §4221(a), 29 U.S.C. §1401(a).

Defendant SLK, Inc. ("SLK") was a participating employer in the Bay Area Painters and Tapers Pension Trust Fund ("Plan"). On or about October 2013, Defendant SLK withdrew from participation in the Plan which thereby triggered the Plan to assess withdrawal liability against Defendant SLK and all members of its controlled group, for the sum of $157,251.00 under ERISA §4203, 29 U.S.C. §1383. By letter dated April 11, 2018, ("Assessment"), Plaintiffs notified Defendants SLK and all members of SLK's controlled group of the assessed withdrawal liability. By letter dated July 17, 2018, Plaintiffs notified Defendants in writing that there was a substantial likelihood that SLK would be unable to pay its withdrawal liability and thus, the Plan accelerated the entire unpaid withdrawal liability. Defendants SLK, J C Jackson and Shirley Mae Jackson ("Shirley Jackson") are within the same controlled group and thus are jointly and severally liable for the withdrawal liability, because J C Jackson and Shirley Jackson operated a trade or leasing business by owning property that they leased to Defendant SLK.

None of the withdrawal liability has been paid. As of the filing of this Complaint, Defendants are in default on the outstanding withdrawal liability. Plaintiffs therefore seek a money judgment against Defendants SLK, J C Jackson and Shirley Jackson, as individuals, and each member of Defendant SLK's controlled group for an award of the entire assessed withdrawal liability less any credits for recoveries received prior to judgment, plus interest, liquidated damages, attorneys' fees and costs. Plaintiffs also seek injunctive relief against Defendants SLK, J C Jackson and Shirley Jackson to provide adequate information relating to any additional members of its controlled group under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1) and any transactions to evade its withdrawal liability under ERISA §4212, 29 U.S.C. §1392.

**PARTIES**

1. The Plan is an employee benefit plan as defined in ERISA §3(3), 29 U.S.C. §1002(3), an "employee benefit pension plan" as defined in of ERISA §3(2), 29 §U.S.C. 1002(2); and a "multiemployer plan" as defined in ERISA §§3(37) and 4001(a)(3), 29 U.S.C. §§1002(37) and 1301(a)(3). The Plan is jointly administered and is maintained pursuant to the Labor Management Relations Act §302(c), 29 U.S.C. §186(c).

2. Plaintiffs Chris Christophersen and Jordan Satrap are members of the Board of Trustees ("Trustees") of the Plan, which is the "plan sponsor" within the meaning of ERISA §§3(16)(B)(iii) and 4001(a)(10)(A), 29 U.S.C. §§1002(16)(B)(iii) and 1301(a)(10)(A). They are therefore, fiduciaries of the Plan under ERISA §§3(21)(A) and 402(a), 29 U.S.C. §1002(a). As Trustees of the Plan they are empowered to bring this action on behalf of the Plan pursuant to ERISA §4301(a)(1) - (b) and §502(a)(3), 29 U.S.C. §§1132(a)(3) and 1451(a)(1) - (b).

3. Defendant SLK is a dissolved California corporation with its principal place of business formerly located at 5320 Pine Ave., Fresno, CA ("Pine Avenue Property"). Defendant SLK is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and was engaged in an industry affecting commerce within the meaning of ERISA §3(11) and (12), 29 U.S.C. §1002(11) and (12).

4. Plaintiffs are informed and believe that, at all relevant times, Defendants J C Jackson and Shirley Jackson, who are married, owned 80% or more of the voting shares of Defendant SLK.

5. Plaintiffs are informed and believe that, at all relevant times, Defendants J C Jackson and Shirley Jackson owned 100% of the Pine Avenue Property and operated a trade or business by leasing the Pine Avenue Property to SLK. Thus, Defendants SLK, J C Jackson and Shirley Jackson are treated as a single employer under common control and are jointly and severally liable for Defendant SLK's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. § 1301(b)(1).

**JURISDICTION**

6. Jurisdiction over the claims asserted by the Plaintiffs is conferred upon this Court

pursuant to §§4301(c) and 502(e)(1) and (f) of ERISA, 29 U.S.C. §§1451(c) and 1132(e)(1) and (f). Plaintiffs seek to enforce the provisions of ERISA and the terms of the Plan, redress Defendants' violations of ERISA, and obtain all other appropriate legal or equitable relief under ERISA.

## VENUE

7. Venue is conferred upon this Court by ERISA §§4301(c) and 502(e)(1), 29 U.S.C. §§1451(d) and 1132(e)(2). Where an action is brought under ERISA §§4301 and 502, 29 U.S.C. §§1451 and 1132, in a District Court of the United States, it may be brought, at Plaintiffs' discretion, in the district where the Plan is administered, where the breach took place, or where a defendant resides or may be found. Process may be served in any other district where a defendant resides or may be found. The Plan, on whose behalf the Trustees bring this action, is administered in this district at its principal place of business in Dublin, California. Thus, jurisdiction and venue are properly grounded with this Court.

## INTRADISTRICT ASSIGNMENT

8. Assignment to the San Francisco/Oakland Division is appropriate pursuant to Civil Local Rule 3-2(d) because a substantial part of the events and omissions giving rise to the Plaintiffs' claims occurred in Alameda County, California where the Plan is administered.

## FACTUAL ALLEGATIONS

9. Defendant SLK was a participating employer in the Plan pursuant to a collective bargaining agreement ("Bargaining Agreement") with the District Council 16 of the International Union of Painters and Allied Trades ("Union"). The Union is a labor organization as defined in of the NLRA §2(5), 29 U.S.C. §152(5) that represents employees in an industry affecting interstate commerce. Defendant SLK was obligated to and did make contributions to the Plan on behalf of their employees that were covered under that Bargaining Agreement.

10. The stock interests that Defendants J C Jackson and Shirley Jackson have in Defendant SLK are attributed to one another pursuant to the spousal attribution rules described in 26 CFR §1.414(c)-4(b)(5)(i), such that each of them is deemed to own the voting stock of SLK that is owned by the other. As both individuals are officers in SLK, the exception to the spousal

attribution rules described in 26 CFR §1.414(c)-4(b)(5)(ii) does not apply.

11. On or about October, 2013, Defendant SLK made a complete withdrawal under ERISA §4203, 29 U.S.C. §1383, from participation in the Plan.

12. By written notice dated April 11, 2018, Plaintiffs notified Defendants SLK, J C Jackson and Shirley Jackson, Jackson Young Drywall, Inc. and Jackson Drywall, Inc. and all members of SLK's controlled group, of the withdrawal liability assessed pursuant to ERISA §§4201-4203, 29 U.S.C. §§1381, et seq.  Specifically, the Plan notified Defendants of the following in its notice dated April 11, 2018, which is attached hereto as Exhibit 1:

(a) The Plan had a fiscal year running from January 1 through December 31 and therefore, the withdrawal liability is calculated as of December 31, 2012, as required by ERISA §4211(b)(2)(A), 29 U.S.C. §1391(b)(2)(A).

(b) The withdrawal liability of Defendant SLK in the amount of $157,251.00 could be paid lump sum or in quarterly installments as follows:

| | |
|---|---|
| $6,634.00 | June 1, 2018 |
| $6,634.00 | September 1, 2018 |
| $6,634.00 | December 1, 2018 |
| $6,634.00 | March 1, 2019 |
| $6,634.00 | June 1, 2019 |
| $6,634.00 | each successive quarter through June 1, 2025 |
| $3,603.00 | September 1, 2025 |

(c) Defendants had the option of challenging the calculation of the withdrawal liability by requesting review within ninety (90) days from receiving the notice of the withdrawal liability assessment as provided by ERISA §4219(b)(2), 29 U.S.C. §1399(b)(2).

(d) Any dispute concerning a determination of withdrawal liability must be resolved through arbitration provided that the employer requested review and arbitration was timely initiated under ERISA §4221(a), 29 U.S.C. §1401(a).

(e) Information and documents regarding all trades and businesses under common control with Defendant SLK were required to be provided within thirty (30) days pursuant to ERISA §4219(a), 29 U.S.C. §1399(a).

13. The Plan alleges that California corporations Jackson Young Drywall, Inc. and Jackson Drywall, Inc. may be potential controlled group members and/or successors to SLK.  At

the current time, the Plan lacks sufficient information to name either of these entities as defendants in this matter. The Plan intends to conduct discovery and to seek leave to amend this complaint to add controlled group members or successors that are identified.

14. In order to initiate arbitration under section ERISA § 4221(a)(1), 29 U.S.C. § 1401(a), an employer must first request review of the assessed withdrawal liability. Section XV of the Plan's Withdrawal Liability Procedures mirrors ERISA § 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A), which requires an employer's request for review to be in writing. Neither Defendant SLK, J C Jackson or Shirley Jackson nor any other member of their controlled group requested review and therefore they are precluded from initiating arbitration, and the time to do so has expired.

15. Defendants failed to make any of the required quarterly installment payments.

16. Pursuant to Section XIII of the Plan's Withdrawal Liability Procedures (attached as Exhibit C to the Notice of Assessment), and ERISA §4219(c)(5)(b), 29 U.S.C. § 1399(c)(5)(b), Defendants SLK, J C Jackson and Shirley Jackson are in default because SLK is out of business with a dissolved corporate status and an expired contractors' license, indicating a substantial likelihood that SLK is unable to pay its withdrawal liability.

17. By written notices dated July 17, 2018 and September 14, 2018, Plaintiffs accelerated Defendant SLK's entire unpaid withdrawal liability in the amount of $157,251.00 in accordance with Section XIII of the Plan's Withdrawal Liability Procedures and ERISA §4219(c)(5)(b), 29 U.S.C. § 1399(c)(5)(b), to be payable immediately. The July 17, 2018 and September 14, 2018 letters are attached hereto as Exhibit 2.

18. Defendants failed to make the required accelerated withdrawal liability payment.

**FIRST CAUSE OF ACTION**
**Against All Defendants For Violation of ERISA §4219 (29 USC §1381):**
**Request for Payment of Entire Withdrawal Liability, Interest, Liquidated Damages, Attorneys' Fees and Costs**

19. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 18, above.

20. On or about October 2013, Defendant SLK made a "complete withdrawal" from the Plan as that term is defined in ERISA §4203, 29 U.S.C. §1383, et seq.

21.     Plaintiffs are informed and believe that, at all relevant times, Defendants J C Jackson and Shirley Jackson each owned 80% or more of the voting shares of Defendant SLK.

22.     Plaintiffs are informed and believe that, at all relevant times, Defendants J C Jackson and Shirley Jackson owned and operated a trade or business by operating leasing the Pine Avenue Property to Defendant SLK.  Thus, Defendants J C Jackson and Shirley Jackson are treated as a single employer under common control and are jointly and severally liable for Defendant SLK's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

23.     On April 11, 2018, Plaintiffs assessed withdrawal liability against Defendants SLK, J C Jackson, Shirley Jackson and all members of SLK's controlled group.

24.      To date, the delinquent quarterly installment payments have not been received by the Plan from Defendants.

25.     In addition, on July 17, 2018 and September 14, 2018, Plaintiffs accelerated Defendant SLK's entire unpaid withdrawal liability pursuant to ERISA §4219(c)(5)(b), 29 U.S.C. § 1399(c)(5)(b), to be payable immediately.

26.     To date, the entire withdrawal liability payment has not been received by the Plan from Defendants.

27.     Defendants are therefore are in default under ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5), and the entire unpaid withdrawal liability, plus accrued interest on the entire unpaid amount from June 1, 2018, is due.

28.     Accordingly, Plaintiffs seek judgment against Defendants for the entire amount of the unpaid withdrawal liability of $157,251.00, plus accrued interest from the due date of the first delinquent payment pursuant to ERISA §§4219(c)(5) and 502(g)(2), 29 U.S.C. §§1399(c)(5) and 1132(g)(2).

29.     ERISA §4301(b), 29 U.S.C. §1451(b) provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA §515, 29 U.S.C. §1145.  Thus, Defendants are also liable for an amount equal to the greater of interest or liquidated damages under the Plan, and costs, including reasonable attorneys' fees, pursuant to ERISA §§4301(b) and

502(g)(2), 29 U.S.C. §§1301(b) and 1132(g)(2). The Plan provides for interest at the rate of 5% and for liquidated damages in an amount equal to the greater of interest or 20% of the unpaid withdrawal liability.

30.     Plaintiffs, therefore, seek a money judgment against Defendants for an award of the entire balance of the unpaid withdrawal liability less any credits for recoveries received before the time of judgment, plus interest, an amount equal to the greater of liquidated damages or interest, and costs, including attorneys' fees.

**SECOND CAUSE OF ACTION**
**Against Defendants SLK, J C Jackson and Shirley Jackson for Violation of ERISA § 4219(a), 29 U.S.C. § 1399(a): Failure to Provide Required Information under ERISA**

31.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 30, above.

32.     In violation of ERISA § 4219(a), 29 U.S.C. § 1399(a), Defendants SLK, J C Jackson and Shirley Mae Jackson have failed to provide the Plan with all necessary information to enable the Plan to comply with the requirements of ERISA, including but not limited to information relating to the identities of all members of Defendant SLK's controlled group under ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) and any transactions to evade or avoid SLK's withdrawal liability under ERISA § 4212, 29 U.S.C. § 1392.

33.     The failure of Defendant SLK to pay the withdrawal liability in accordance with ERISA § 4219(c)(2), 29 U.S.C. § 1399(c)(2), and provide requested information in accordance with ERISA § 4219(a), 29 U.S.C. § 1399(a) has caused the Plan to sustain loss of investment income and incur administrative and legal expenses.

34.     Defendant SLK's failure to comply with the law has caused the Plan to suffer immediate, continuing, and irreparable injury, and Plaintiffs are without an adequate remedy at law.

35.     Thus, injunctive relief as prayed for below is proper.

**PRAYER**

WHEREFORE, Plaintiffs pray for the following relief:

1.     For a judgment providing that all named Defendants as well as all other members of Defendant SLK's controlled group are jointly and severally liable to immediately pay to

1  Plaintiffs the following sums:

2              (i)     The unpaid withdrawal liability of $157,251.00, less any credits for
3  recoveries received before the time of judgment;

4              (ii)    Interest on the unpaid withdrawal liability at the rate of 5% per annum from
5  June 1, 2018 until the date of payment, pursuant to ERISA §§4219(c)(5)-(6) and 502(g)(2), 29
6  U.S.C. §§1399(c)(5) and (6) and 1132(g)(2);

7              (iii)   Pursuant to ERISA §502(g)(2)(C), 29 U.S.C. §1132(g)(2)), liquidated
8  damages equal to the greater of:

9                      (a)    The accrued interest on the unpaid withdrawal liability at the time
10 of judgment, or

11                     (b)    An amount equal to twenty percent (20%) of the amount of unpaid
12 withdrawal liability; and

13             (iv)    Attorneys' fees and costs incurred by Plaintiffs in connection with this
14 action as permitted by ERISA §§4301(e) and 502(g) (29 U.S.C. §§1451(e) and 1132(g)).

15     2.      For injunctive relief ordering Defendant SLK to provide all of the documentation
16 and information requested by the Plan, including but not limited to information regarding all
17 trades or businesses which are within Defendant SLK's controlled group as defined in ERISA
18 §4001(b)(1), 29 U.S.C. §1301(b), and any transactions to evade its withdrawal liability under
19 ERISA §4212, 29 U.S.C. §1392.

20     3.      Such other relief as this Court deems appropriate pursuant to ERISA §502(g)(2)(E),
21 29 U.S.C. §1132(g)(2)(E).

22

23 Dated:  April 3, 2019                    SALTZMAN & JOHNSON
                                            LAW CORPORATION
24

25

26                                          By:  */s/ Tino X. Do* _____
                                                 Tino X. Do
27                                               Attorneys for Plaintiffs

28

9                                                                **COMPLAINT**

P:\CLIENTS\PATWL\CASES\SLK Construction Co\Pleadings\SLK Complaint 040319.doc