United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, AND ITS BOARD OF TRUSTEES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SLK, INC., et al.,<br><br>Defendants. | Case No. 19-cv-01812-PJH<br><br>**ORDER ADOPTING MAGISTRATE JUDGE WESTMORE'S REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 24, 39 |

The court has reviewed Magistrate Judge Westmore's Report and Recommendation to Grant Plaintiff's Motion for Default Judgment (Dkt. 39) against dissolved corporate defendant SLK, Inc., as well as individual defendants JC Jackson, and Shirley Jackson (collectively, "defendants"). Defendants failed to file any objections to the report. The court finds the report correct, well-reasoned, and thorough. Accordingly, subject to the clarification concerning plaintiff's service of process upon defendant SLK, Inc.'s and the reduction to plaintiff's attorney's fee award noted immediately below, the court adopts the report in full.

**SERVICE OF PROCESS**

The Ninth Circuit has acknowledged that a district court has an "affirmative duty" to ensure jurisdiction prior to its entry of a default judgment and that a judgment entered without personal jurisdiction over the parties is void. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

Here, Judge Westmore determined that defendants were served by substituted service when plaintiff's process server "hand delivered a copy of the summons and initiating documents to an adult male at the residence of J. Jackson, the managing officer

1 of Defendant SLK, and S. Jackson, the president/CEO of Defendant SLK." Dkt. 39 at 5.
2 Judge Westmore further noted that plaintiffs subsequently sent "[c]opies of the summons
3 and initiating documents . . . by first class mail to each Defendant." Id. With respect to
4 individual defendants JC and Shirly Jackson, such process clearly satisfies Federal Rule
5 of Civil Procedure 4(e)(2)(B).

Federal Rule of Civil Procedure 4(h) controls service of process upon corporations. In relevant part, that rule provides that service upon a corporation is proper "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

Here, the court finds that because plaintiffs effected substituted service upon individual defendants JC and Shirley Jackson, such substituted service necessarily constituted service upon defendant SLK, Inc. under Rule 4(h)(1)(B) by virtue of the individual defendants' ownership and designated positions as officers of defendant SLK, Inc. Such finding is warranted in the limited circumstances where an agent of a dissolved corporation (who is otherwise contemplated for service under Rule 4(h)(1)(B)) is not readily identifiable and service has been effected upon those ultimately in control of such dissolved entity. With this clarification, the court adopts Judge Westmore's service of process finding in full.

**ATTORNEY'S FEES AWARD**

Judge Westmore awarded plaintiffs $11,250.50 in attorney's fees. Dkt. 39 at 13-14. When awarding that amount, Judge Westmore relied upon plaintiff's counsel's declaration for a summary of the tasks completed by herself and each of her co-counsel and paralegals. Id. Despite bearing "the burden of submitting detailed time records justifying the hours claimed to have been expended," Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986), opinion amended on denial of reh'g, 808 F.2d 1373 (9th Cir. 1987), plaintiffs failed to provide any of the timekeepers' underlying billing

2

entries. The court finds that the declaration's summary of the work performed per timekeeper, when combined with the number of hours billed to this matter per such timekeeper, effectively amounts to five block bills. Block billing makes it almost impossible for the court to scrutinize the reasonableness of the hours expended. Given such deficiency, the court will reduce Judge Westmore's recommended $11,250.50 attorney's fees award by 10 percent. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). The court therefore awards plaintiffs $10,125.45 in attorney's fees.

## CONCLUSION

Subject to the specifications noted above, the court adopts Judge Westmore's report and GRANTS plaintiffs' motion for default judgment. Accordingly, the court awards plaintiffs' $216,299.95, comprising $157,251 in unpaid withdrawal liability, $31,450.20 in liquidated damages, $13,074.78 in interest accrued between June 1, 2018 and the date of this order at $21.54 per day,[1] $10,125.45 in attorney's fees, and $4,398.52 in costs. Additionally, consistent with Judge Westmore's recommended injunctive relief, the court orders that defendants provide the information requested by plaintiffs to determine whether there are trades or businesses under common control with defendant SLK, Inc. and whether any fraudulent transfers or improper transactions to evade or avoid withdrawal liability have occurred. The court shall retain jurisdiction over the parties and subject matter to enforce the injunction and to entertain further motions for money judgments in the event such information reveals any improper transaction.

**IT IS SO ORDERED.**

Dated: January 29, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

---

[1] The court also corrects a minor mistake in the conclusion of the report that notes the daily interest amount as $49.51. Dkt. 39 at 15. As previously detailed throughout the report, such amount is properly noted as $21.54 (i.e., ($157,251 x 0.05)/365).

3